■ JOSEPH MARINELLO, Appellant, v. NICHOLAS IOZZO et al., Defendants, and VITALE N. PAGANELLI et al., Respondents.— Motion by respondent David C. Gilberg to resettle order of this court, dated December 6, 1965 granted to the extent of striking from the first paragraph thereof the words " and no one having appeared or filed a brief for respondent Oppenheim " and by substituting therefor: " and the action having been discontinued as to the respondent Oppenheim " In all other respects, motion denied. Christ, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■

## (March 28, 1966)

■ HAZEL H. ARMITAGE, Respondent, v. LIZZA & SONS, INC., Appellant.— In an action to recover damages for injury to real property caused by negligent work during the course of construction of an abutting road, defendant appeals from an order of the Supreme Court, Nassau County, entered September 15, 1965, which granted plaintiff's motion for summary judgment and directed that the action be placed on the Pretrial Calendar for settlement conference or assignment for trial of the issues of damages. Order affirmed, without costs. The action is based on negligence and seeks recovery of compensatory damages, not damages for intentional wrong. Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ WALLACE ASKEW, Respondent, v. ROSE JOY CORPORATION et al., Appellants.— In an action to recover damages for personal injury by reason of assault, defendants appeal from an order of the Supreme Court, Kings County, entered August 25, 1965, which, inter alia (1) conditionally denied their motion to dismiss the complaint for neglect to prosecute; and (2) conditionally granted plaintiff's motion for leave to serve and file a note of issue and statement of readiness and to reserve the right subsequently to conduct certain pretrial examinations. Order reversed, without costs; defendants' motion to dismiss the complaint granted; plaintiff's motion denied; and complaint dismissed, without costs. Pursuant to CPLR 3216, defendants duly served upon plaintiff's attorney a written demand that within 45 days plaintiff serve and file a note of issue. Plaintiff failed to comply with such demand. In our opinion, the 29-month delay in the prosecution of the action is not excusable on the ground that plaintiff had moved and did not notify his attorneys of his new address (Olsen v. Knittle, 20 A D 2d 705; Sortino v. Fisher, 20 A D 2d 25, 29). Furthermore, plaintiff has not sustained his burden of showing that the cause of action has merit (Keating v. Smith, 20 A D 2d 141). Under the circumstances, it was an improvident exercise of discretion to deny defendants' motion to dismiss. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.